IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. ASCENZI, :
:
        Petitioner, :
: CIVIL NO. 3:CV-08-238
    v. :
: (JUDGE VANASKIE)
PA BOARD OF PROBATION AND :
PAROLE, :
:
        Respondent.

## MEMORANDUM

Background

    Michael J. Ascenzi filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 while at a halfway house in Scranton, Pennsylvania. Named as Respondent is the Pennsylvania Board of Probation and Parole (Parole Board). Service of the Petition was previously ordered.

    Petitioner claims entitlement to federal habeas corpus relief on the ground that he was not given credit for 105 days of placement in a halfway house. (Dkt. Entry # 1 ¶¶ 3-4.) His Petition adds that the decision of the Parole Board to deny him credit for 105 days served in a halfway house was arbitrary because the conditions under which he was confined were equivalent to a term of incarceration.

    Respondent states and has supplied undisputed supporting documents establishing that Ascenzi was initially convicted of criminal charges in Luzerne County, Pennsylvania during

1997. (No. 87 of 1995). He was released on parole from that sentence on July 2, 2001. Thereafter, Petitioner pled guilty in a second Luzerne County criminal case, docketed to No. 3625 of 2001.[1] As a result of this conviction, Petitioner was recommitted as a convicted parole offender with respect to the sentence imposed in No. 87 of 1995. Petitioner was reparoled from No. 87 of 1995 on September 22, 2003.

According to Respondent, Petitioner "resided at Minsec for 105 days, from September 22, 2003 until January 5, 2004 while he was at liberty on parole" from No. 87 of 1995. (Dkt. Entry # 8, ¶ 8.) Minsec is presumably the halfway house referenced in Ascenzi's pending Petition. While at Minsec, Petitioner was recommitted on December 17, 2004 as a technical parole violator (with respect to No. 87 of 1995) for using drugs. (Id. at Exhibit D.)

On April 11, 2005, Ascenzi pled guilty to new criminal charges in Luzerne County (No. 3795 of 2005).[2] He was sentenced to a 2 to 4 year term of imprisonment. (Id. at ¶ 11.) As a further consequence of this latest conviction, Petitioner was also recommitted as a convicted parole violator by decision dated July 26, 2005 with respect to No. 87 of 1995. (Id. at Exhibit E.)

Ascenzi sought administrative relief from the Parole Board with respect to its July 26, 2005 determination. His request included a claim that 105 days spent at Minsec should be

---

[1] The sentence imposed as a result No. 3625 of 2001 has not been provided.

[2] Petitioner is challenging the legality of that conviction in a separate habeas corpus petition which is pending before this Court, Ascenzi v. Nish, Civil No. 3:CV-08-1418.

credited towards service of his parole violation maximum sentence in No. 87 of 1995. After conducting an evidentiary hearing on that argument, the Parole Board issued a decision on January 24, 2006 which denied Ascenzi credit for the 105 days spent at Minsec. (Id. at ¶ 16.) An administrative appeal from that decision was denied on May 17, 2006. On December 29, 2006, the Pennsylvania Commonwealth Court affirmed the May 17, 2006 Parole Board decision. (Id. at ¶ 23.) Thereafter, a petition for allowance of appeal was denied by the Pennsylvania Supreme Court on May 15, 2007. (Id. at ¶ 25.)

According to the response, the parole violation maximum sentence in No. 87 of 1995 was scheduled to expire on June 16, 2008. (Id. at Exhibit K.) In addition, the parole violation maximum sentence from No. 3795 of 2005 was due to expire on December 3, 2009. (Id. at Exhibit R.) Respondent notes that the above expiration dates were subject to change due to Petitioner's May 29, 2008 arrest on new criminal charges. (Id. at ¶ 32.) It is also noted, however, that in his other pending habeas action before this Court, Petitioner has indicated that he is no longer confined and is currently residing in Wilkes-Barre, Pennsylvania. (Ascenzi v. Nish, Civil No. 3:CV-08-1418, Dkt. Entry # 27.) In addition, there has been no filing made in this matter by Petitioner since July 15, 2008. Petitioner's apparent discharge from custody, coupled with the unchallenged information that the parole violation maximum term on the pertinent sentence was scheduled to expire in June of 2008, raises a question of mootness.

Discussion

Federal habeas corpus review allows a prisoner "to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

"[P]arties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). For example, once a habeas corpus petitioner is released from custody, a federal court's authority to adjudicate the controversy is called into doubt. See Burkey v. Marberry, No. 07-4782, ___ F.3d ___, 2009 WL 385419, at *3 (3d Cir. Feb. 18, 2009). This is due to the fact that federal courts can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and this limitation subsists "through all stages of federal judicial proceedings. . . ." Id.; see also Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy)" (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v.

Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in Burkey in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." Burkey, 2009 WL 385419, at *3. However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." Id. See also United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008).

The Supreme Court in Spencer v. Kemna, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act. Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18. See also Scott v. Schuylkill, FCI, 298 Fed. Appx. 202, 204 (3d Cir. 2008)(once a prisoner is placed on supervised release, his habeas corpus petition challenging a prison disciplinary hearing which resulted in a loss of good time credit is subject to dismissal on the basis of mootness); Hagwood v. Grondolsky, 2009 WL 455499 *2 (D.N.J. Feb. 19, 2009); United States v. Kissinger, 309 F.3d 179, 181-82 (3d Cir. 2002) (a petitioner

unconditionally released from probation cannot maintain challenge to sentence received for violating the terms of probation); Lane v. Williams, 455 U.S. 624, 632-34 (1982); Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As previously noted, this habeas corpus action regards Petitioner's request that 105 days be credited towards service of the parole violation maximum sentence from No. 87 of 1995. Undisputed documents submitted by Respondent establish that the parole violation maximum sentence in No. 87 of 1995 was scheduled to expire on June 16, 2008. (Dkt. Entry # 8 at Exhibit K.) In addition, the parole violation maximum sentence from No. 3795 of 2005 was due to expire on December 3, 2009. (Id. at Exhibit R.) . Moreover, in a submission made by Petitioner in an unrelated case before this Court, he acknowledges that he is no longer incarcerated.

In light of those considerations, it is evident that the sentence computation claim asserted by Petitioner is subject to dismissal on the basis of mootness. See Johnson v. Riveland, 855 F.2d 1477 (10th Cir. 1988)(a challenge to the denial of credit against a minimum term of confinement which determined an initial parole eligibility date became moot when the

petitioner was paroled). Accordingly, this habeas corpus proceeding will be dismissed as moot.[3]

                                            s/ Thomas I. Vanaskie
                                            United States Circuit Judge
                                            Sitting by Designation on the District Court

---

[3] In the event that Petitioner believes that this case is not moot, he may move for reconsideration of this Order, presenting any evidence and argument that suggests that adjudication of this habeas corpus case has not been obviated by his release from confinement.

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. ASCENZI, :
:
    Petitioner, :
: CIVIL NO. 3:CV-08-238
    v. :
: (JUDGE VANASKIE)
PA BOARD OF PROBATION AND PAROLE :
:
et al., :
    Respondents. :

## ORDER

NOW, THEREFORE, THIS 30th DAY OF JUNE, 2010, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. This habeas corpus action is dismissed as moot.

2. The Clerk of Court is directed to mark this matter CLOSED.

3. There is no basis for the issuance of a certificate of appealability.

                                            s/ Thomas I. Vanaskie
                                            United States Circuit Judge
                                            Sitting by Designation on the District Court